**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAY 9 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 22-50185 |
| Plaintiff-Appellant, | D.C. Nos. 8:17-cr-00076-CJC-1 8:17-cr-00076-CJC |
| v. | |
| JEFFREY OLSEN, | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Central District of California
Cormac J. Carney, District Judge, Presiding

Submitted May 9, 2023**
San Francisco, California

Before: MURGUIA, Chief Judge, CHRISTEN, Circuit Judge, and LYNN,*** District Judge.

The government appeals the district court's order dismissing with prejudice the indictment against Jeffrey Olsen. We have jurisdiction under 18 U.S.C.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Barbara M. G. Lynn, United States District Judge for the Northern District of Texas, sitting by designation.

§ 3731. We reverse, remand, and order that this case be reassigned on remand.

In July 2017, a grand jury indicted defendant Jeffrey Olsen on thirty-four counts related to unlawful distribution of opioids, in violation of 21 U.S.C. § 841. Since then, Olsen has remained on pretrial release and obtained eight continuances, pushing his trial date to October 2020. After the Central District of California suspended jury trials in response to the COVID-19 pandemic, the government sought an additional continuance in August 2020 to move the trial date to December 2020. The district court denied the government's request, and dismissed the indictment with prejudice on the basis that Olsen was denied his right to a speedy trial. *United States v. Olsen*, 494 F. Supp. 3d 722, 734 (C.D. Cal. 2020).

We reversed "with instructions to reinstate Olsen's indictment, grant an appropriate ends of justice continuance, and set this case for trial." *United States v. Olsen*, 21 F.4th 1036, 1040 (9th Cir. 2022) ("*Olsen I*"). Critically, the mandate provided, "**The judgment of the district court is REVERSED and REMANDED with instructions to reinstate Olsen's indictment, grant an appropriate ends of justice continuance, and set this case for a trial.**" *Id.* at 1049. After the mandate issued, the district court once again dismissed the indictment with prejudice in August 2022. The government again appeals.

We review a district court's compliance with the mandate de novo. *United States v. Kellington*, 217 F.3d 1084, 1092 (9th Cir. 2000). We review a district

2

court's dismissal of an indictment de novo as well. *See United States v. Henry*, 984 F.3d 1343, 1349–50 (9th Cir. 2021).

1. District courts are "unquestionably obligated" to adhere to the rule of the mandate. *S.F. Herring Ass'n v. Dep't of the Interior*, 946 F.3d 564, 574 (9th Cir. 2019). The rule requires a district court to execute the mandate's terms "without variance or examination," *United States v. Garcia-Beltran*, 443 F.3d 1126, 1130 (9th Cir. 2006), and follow the mandate's "spirit and express instructions," *United States v. Paul*, 561 F.3d 970, 973 (9th Cir. 2009) (per curiam). *See Nguyen v. United States*, 792 F.2d 1500, 1501–03 (9th Cir. 1986) (holding that a district court violated the mandate where this court remanded "for entry of summary judgment in favor of the government" and the district court did not follow that instruction).

Here, the district court improperly defied the "plain language" of our previous decision, *United States v. Thrasher*, 483 F.3d 977, 983 (9th Cir. 2007), "exceed[ing] the boundaries as delineated by [the] court's previous mandate," *Garcia-Beltran*, 443 F.3d at 1130. In reversing the district court's 2020 dismissal order, we issued the following mandate: "REVERSED and REMANDED with instructions to reinstate Olsen's indictment, grant an appropriate ends of justice continuance, and set this case for a trial." *Olsen I*, 21 F.4th at 1049. The mandate plainly instructed the district court to "reinstate" the indictment, "grant" a

3

continuance, and "set this case for a trial." The district court did not comply with any of those directives.

The district court reasoned that "[g]ranting an 'appropriate' ends of justice continuance . . . necessarily involves a determination of whether a continuance is appropriate to grant in the first place." This cramped reading of *Olsen I* defies the spirit of our mandate and ignores our orders to reinstate the indictment and set the case for trial.[1]

Likewise, the statement from the concurrence in the denial of rehearing en banc that the *Olsen I* opinion "did not predict or foreclose further Speedy Trial Act motions practice," *Olsen I*, 21 F.4th at 1049 (Murguia and Christen, JJ., concurring in the denial of rehearing en banc), did not provide cover for the district court to dismiss Olsen's indictment based on the same factual predicate we addressed in *Olsen I*. This statement merely clarified that should *additional* delays occur that would prevent a trial from being set, Olsen would not be precluded from filing further motions under the Speedy Trial Act.

---

[1] Others have plainly understood the implications of the *Olsen I* mandate. *See United States v. Orozco-Barron*, 72 F.4th 945, 950 (9th Cir. 2023) (explaining that *Olsen I* held that the "government was entitled to an ends of justice continuance, and ordered the district court to grant one and set the case for a trial" and "reversed the district court's dismissal of the defendant's indictment"); *see also Olsen I*, 21 F.4th at 1077 (Collins, J., dissenting from denial of rehearing en banc) (summarizing the *Olsen I* remand as giving "*explicit* instructions to 'grant' an appropriate continuance and set a new trial date" (emphasis added)).

4

Finally, to the extent that the district court ignored the mandate due to disagreement with our analysis in *Olsen I*, "[t]he district court was obligated to carry out the mandate of [*Olsen I*], whether correct or in error." *Colville Confederated Tribes v. Walton*, 752 F.2d 397, 404 (9th Cir. 1985) (quotation marks and citation omitted). Because the district court's violation of the rule of the mandate is a sufficient basis to reverse, we need not further address whether the district court erred in dismissing the indictment with prejudice for the second time.

2. We are mindful that reassignment to another district judge on remand is appropriate "only in unusual circumstances or when required to preserve the interests of justice." *United States v. Wolf Child*, 699 F.3d 1082, 1102 (9th Cir. 2012). We consider three factors: "(1) whether the original judge would reasonably be expected upon remand to have substantial difficulty in putting out of his . . . mind previously expressed views or findings determined to be erroneous or based on evidence that must be rejected, (2) whether reassignment is advisable to preserve the appearance of justice, and (3) whether reassignment would entail waste and duplication out of proportion to any gain in preserving appearance of fairness." *Id.* (citation omitted). "Because factors one and two are of equal importance, a finding of either factor supports remand to a different district court judge." *United States v. Atondo-Santos*, 385 F.3d 1199, 1201 (9th Cir. 2004). We "need not find actual bias on the part of the district court prior to reassignment."

5

*United States v. Wells*, 879 F.3d 900, 938 (9th Cir. 2018).

All three factors are met in this case. The district court's repeated dismissals of the indictment support reassignment. *See Paul*, 561 F.3d at 975 (ordering reassignment because the district judge ignored the mandate); *United States v. Sears, Roebuck & Co.*, 785 F.2d 777, 781 (9th Cir. 1986) (per curiam) (reassigning case where the district court repeatedly dismissed the indictment, even after this court "direct[ed] reinstatement of the indictment" and explaining that this court's "orderly administration of its own docket is threatened by the exertion of effort and the expenditure of time on repeated pretrial appeals in one case").

The district judge's rhetoric suggests that he would have difficulty in putting aside previously expressed views, and that reassignment would best serve the appearance of justice. After *Olsen I*, the district judge made on-record statements that he was "disappointed and saddened," and that our decision "mischaracterized [his] findings." The district judge described our rhetoric as "a little hostile," and our analysis as "unfairly . . . constru[ing his] position." And the district judge has continued to express frustrations with *Olsen I*, even when presiding in another case. *See* Transcript of Proceedings at 15–17, 33, *United States v. Reyes*, No. 19-cr-740 (C.D. Cal. June 7, 2022). These statements qualify as "unusual circumstances" that justify reassignment.

Olsen argues that "getting a new judge up to speed would involve

6

considerable effort." But the pretrial proceedings in this case have largely involved speedy trial practice. Accordingly, it will not be especially inconvenient or wasteful for a different judge to preside over this case through trial.

**REVERSED and REMANDED with instructions that this case be reassigned on remand.**

7